### No. 780
### STATE ex v. DeWITT et al
Ohio Appeals, 2nd Dist., Fayette County
Decided May 10, 1922

1283. WORKMEN'S COMPENSATION —
1. 1465-61 GC. held constitutional.

2. Principal liable to employe of subcontractor for injuries to employe of latter.

KUNKLE, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action brought by the Attorney General against DeWitt upon an award of the Industrial Commission of Ohio made in her behalf on account of the death of her husband. The evidence disclosed that DeWitt and others were in the straw business and that they had contracted with one Watson to bail their straw. Watson employed five or more workmen in the bailing of the straw, among whom was the decedent, and Watson failed to comply with the provision of the Workmen's Compensation Act.

As the court took the major portion of the case from the jury, the jury returned a verdict for the defendants. In reversing this judgment, the Court of Appeals held:

1. 1465-61 GC. (107 OL. 159), which provides that a person in the employ of an independent contractor or subcontractor who fails to comply with the Workmen's Compensation Act, shall for the purpose of workmen's

compensation, be deemed the employe of the principal who has entered into such independent contract or subcontract, is constitutional.

2. A principal who extensively purchases, sells and handles hay and straw, the bailing whereof is one of the incidents of such business, is liable under above act for an injury to a workman employed by a contractor engaged in bailing hay for such principal, even although such principal has a contract for such bailing at a specified rate per bale, which contract stipulates that such contractor will employ and pay the necessary labor.

Attorneys—John G. Price, R. R. Zurmehly, R. R. Maddox and Rankin and Rankin, for state; Hidy & Sanderson, for DeWitt et al.